UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAUNDRA POWELL,                                    Case No.12-12955

            Plaintiff,                             Marianne O. Battani
v.                                                 United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                   Michael Hluchaniuk
                                                   United States Magistrate Judge
            Defendant.
_____/

REPORT AND RECOMMENDATION
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 11) and
DEFENDANT'S MOTION FOR REMAND (Dkt. 14)

## I.     PROCEDURAL HISTORY

### A.     Proceedings in this Court

On July 5, 2012, plaintiff Saundra Powell filed the instant suit seeking

judicial review of the Commissioner's unfavorable decision disallowing benefits.

(Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District

Judge Marianne O. Battani referred this matter to the undersigned for the purpose

of reviewing the Commissioner's decision denying plaintiff's claim for a period of

disability and disability insurance benefits and supplemental security income

benefits.  (Dkt. 3).  This matter is before the Court on plaintiff's motion for

summary judgment (Dkt. 11) and defendant's motion to remand.  (Dkt. 14).

**B.     Administrative Proceedings**

Plaintiff protectively filed the instant claim for disability insurance benefits and supplemental security income on November 2, 2009, alleging that she became disabled on February 1, 2001.  (Dkt. 8-5, Pg ID 145-47).  Plaintiff subsequently amended her onset date to November 2, 2008, to coincide with her last date of full-time employment.  (Dkt. 8-2, Pg ID 75).  The claims were initially disapproved by the Commissioner on February 16, 2010.  (Dkt. 8-3, Pg ID 89-90).  Plaintiff requested a hearing and on February 15, 2011, plaintiff appeared with counsel before Administrative Law Judge ("ALJ") John Dodson, who considered the case de novo.  (Dkt. 8-2, Pg ID 69-87).  In a decision dated March 3, 2011, the ALJ found that plaintiff was not disabled.  (Dkt. 8-2, Pg ID 43-52).  Plaintiff requested a review of this decision on March 18, 2010.  (Dkt. 8-2, Pg ID 40-41).  The ALJ's decision became the final decision of the Commissioner when the Appeals Council, on May 2, 2012, denied plaintiff's request for review.  (Dkt. 8-2, Pg ID 25-28); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED** in part, that defendant's motion to remand be **GRANTED**, that the findings of the Commissioner be **REVERSED**, and that this matter be **REMANDED** for further proceedings.

**II.     FACTUAL BACKGROUND**

### A.    ALJ Findings

Plaintiff was 35 years of age on the alleged amended disability onset date and 37 years of age at the time of the administrative hearing.  (Dkt. 8-2, Pg ID 73).  Plaintiff's relevant work history included work as an assembler, clerk, and airline gate agent.  (Dkt. 8-2, Pg ID 51, 85).  The ALJ applied the five-step disability analysis to plaintiff's claims and found at step one that plaintiff had not engaged in substantial gainful activity since the alleged amended onset date.  (Dkt. 8-2, Pg ID 48).  At step two, the ALJ found that plaintiff's interstitial cystitis and irritable bowel syndrome/inflammatory bowel disease were "severe" within the meaning of the second sequential step, but that her mental impairment of adjustment disorder with mixed anxiety and depressed mood is not a severe impairment.  (Dkt. 8-2, Pg ID 48-49).  At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  (Dkt. 8-2, Pg ID 49).  The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform light level work, except that she must avoid concentrated exposure to workplace hazards such as heights and moving machinery, production line work, more than occasional interaction with supervisors and coworkers, more than occasional, superficial contact with the public, and more than unskilled tasks.  (Dkt. 8-2, Pg ID 49-51).  At step four, the ALJ found that plaintiff could not perform her previous work, classified as light, semi-skilled work.  (Dkt. 8-2, Pg ID

51).  At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy.  (Dkt. 8-2, Pg ID 51-52).

### B.    Plaintiff's Claims of Error

Plaintiff argues that the ALJ applied the incorrect disability standard and that, although he stated that he considered numerous Social Security Rulings ("SSRs") and the Code of Federal Regulations, he did not state that he considered SSR 02-02p, Titles II and XVI: Evaluation of Interstitial Cystitis, which clarifies the Commissioner's policies for evaluating claims for disability on the basis of interstitial cystitis.  SSR 02-2p, 2002 WL 32063799 (Nov. 5, 2002).  SSR 02-2p explains that interstitial cystitis is a "complex, chronic bladder disorder that can be the basis for a finding of disability when accompanied by appropriate symptoms, signs, and laboratory findings.  It is characterized by urinary frequency, urinary urgency, and pelvic pain" and "may be associated with . . . irritable bowel syndrome, inflammatory bowel disease. . . ."  *Id.* at *1.  Although symptoms vary in both kind and intensity, "[t]he three most common symptoms are an urgent need to urinate (urgency), a frequent need to urinate (frequency), and pain in the bladder and surrounding pelvic region."  *Id.* at *2.  SSR 02-2p cautions that "[a]n assessment should be made of the effect [interstitial cystitis] has upon the individual's ability to perform routine movement and necessary physical activity

4

within the work environment," noting that interstitial cystitis can affect the ability to focus and sustain attention on the task at hand due to chronic pelvic pain, can lead to drowsiness and lack of mental clarity during the day because of nocturia (nighttime urinary frequency) disrupting sleep patterns, or the presence of urinary frequency can necessitate trips to the bathroom as often as every 10 to 15 minutes, day and night. *Id.* at *5-6. Plaintiff argues that none of this was properly considered by the ALJ nor presented to the vocational expert in the form of a hypothetical question (other than from plaintiff's counsel).

Plaintiff also claims the ALJ applied an incorrect legal standard by indicating:

> [T]here is, however, no objective clinical, laboratory, or x-ray support in the records for Claimant's subjective allegations of bathroom visits at 5-10 minute intervals throughout the day and night and "locked" bowels lasting 3-4 days at a time and occurring three times a month. The record fails to show dehydration, weight loss, or inability to maintain adequate nutrition. Nor is there any objective substantiation for Claimant's subjective allegation of debilitating medication-induced confusion, dizziness, and drowsiness.

(Dkt. 8-2, Pg ID 50). Plaintiff argues that she has treated with Dr. Kenneth Peters, Chairman of the Urology Department at Beaumont Hospital and a board-certified urologist, for over 10 years and has undergone countless tests and procedures, and that there is no laboratory or x-ray report that exists to confirm how many times a person must go to the bathroom.

Plaintiff also argues that the ALJ failed to give proper deference to her treating physician, Dr. Peters, who treated plaintiff for her interstitial cystitis for over 10 years and opined in January 2011 that:

> [Plaintiff's] urological status limits her ability to function and makes it difficult to be effective in activities of daily living and sustaining adequate employment. Many patients with Interstitial Cystitis are on disability. [Plaintiff] is one of the most severe patients I have seen in the practice, which is primarily of patients with Interstitial Cystitis and pelvic pain.
>
> [Plaintiff's] disease continues to be a major issue for her and there is no cure for Interstitial Cystitis. She has been actively involved in timely office visits and recently had many bladder Installations which proved ineffective. At times, she continues to experience increased frequency, even every 10 minutes. Her last visit, 1/20/11 included a lengthy discussion of management.
>
> [Plaintiff] has tried every treatment possible, unsuccessfully and, that due to Interstitial Cystitis and her symptoms she has been unable to perform any type of employment, even sedentary work. She has continued in her attempt to work far beyond what I felt she should/could, but now her disease and impact on her life is too severe to maintain employment.

(Dkt. 8-7, Pg ID 335). The ALJ stated:

> Dr. Peters, a sympathetic, attending physician, has opined that Claimant's chronic bladder disease renders her unable to return to work at any job. Such opinion is, however, not well-supported by medically acceptable clinical or laboratory diagnostic techniques and, thus, cannot be given controlling weight in the evaluation of Claimant's residual functional capacity (Social Security Ruling 96-2p).

(Dkt. 8-2, Pg ID 50).  According to plaintiff, objective testing, clinical exams, diagnoses and procedures performed satisfy the requirement of "objective evidence" supporting Dr. Peters' opinion.

Plaintiff also argues that the hypothetical question the ALJ posed to the vocational expert failed to include any of the limitations of either her treating physician, Dr. Peters, or even the minimal restrictions given by Dr. Shah, the one-time consulting examining physician.  Dr. Shah opined that plaintiff "has adequate functional capacity for occupational activity using the upper and lower extremities at this time, despite her [irritable bowel syndrome] and interstitial cystitis with limitations for prolonged standing and walking."  (Dkt. 8-7, Pg ID 311). According to plaintiff, based on her attorney's hypothetical question posed to the vocational expert, there is no work plaintiff could perform:

> Q: Assume an individual who hypothetically is claimant's age, education, prior work experiences, and assume, due to physical problems, would need to go to the bathroom every 10 minutes, sometimes in there for half hour at a time throughout the day.  Would that in and or itself preclude past work and all work?
>
> A: Yeah, that's pretty severe. [INAUDIBLE] meeting the normal demands of an eight-hour work schedule.

(Dkt. 8-2, Pg ID 86).

Plaintiff also argues that the ALJ improperly evaluated her credibility, claiming that the ALJ failed to cite to any document, testimony or test indicating

7

that she is not fully credible.  Plaintiff points to a notation in the Disability

Determination Explanation stating:

> As far as the [Claimant's] allegations toward her
> impairment causing limitations in her ability to work, I
> find this [Claimant's] statements to be fully credible.
> Whether or not the doctor's [sic] feel it totally disables
> her from working is another question that will need to be
> answered by them.

(dkt. 8-3, Pg ID 95).  According to plaintiff, that question was answered in the

affirmative by everything in the record, including her treating doctor's January 25,

2011 report.  (Dkt. 8-7, Pg ID 335).

Based on her arguments, plaintiff contends that the Commissioner's findings

should be reversed and benefits should be awarded to her.  Plaintiff argues that a

remand is not appropriate because her treating physician's opinion must be given

deference and his opinion of disability is supported by the evidence.  Thus, a

remand would not be of any value and would only further delay plaintiff from

receiving benefits.

### C.    Commissioner's Motion to Remand

The Commissioner requests a remand for further proceedings pursuant to the

fourth sentence of 42 U.S.C. § 405(g) due to errors the ALJ made in evaluating

plaintiff's treating physician's opinion and in determining how plaintiff was

limited by her symptoms.  Sentence Four of 42 U.S.C. § 405(g) provides the

United States District Courts with the "power to enter, upon the pleadings and a

transcript of record, a judgment affirming, modifying, or reversing the decision of

the Commissioner of Social Security, with or without remanding the cause of a

rehearing." The Commissioner argues that the ALJ should have conducted a more

thorough assessment of Dr. Peters' January 2011 opinion that, due to plaintiff's

interstitial cystitis and resulting symptoms, she is unable to perform any type of

work. The ALJ found that Dr. Peters' opinion was not entitled to controlling

weight because it was not well supported by the medically acceptable clinical or

laboratory diagnostic techniques. (Dkt. 8-2, Pg ID 50). According to the

Commissioner, although Dr. Peters' opinion may not have been entitled to

controlling weight, this does not mean it was entitled to no weight, and this matter

should be remanded so that the ALJ can further evaluate this opinion on remand

using the factors found at 20 C.F.R. §§ 404.1527(d) and 416.927(d).

The Commissioner also argues that the ALJ erred in not fully considering

how plaintiff was limited by her interstitial cystitis and irritable bowel syndrome.

According to the Commissioner, the ALJ found that plaintiff's impairments caused

pain and urinary urgency and frequency (Dkt 8-2, Pg ID 50), but his RFC finding

does not fully account for those symptoms. (Dkt. 8-2, Pg ID 49).

The Commissioner thus concludes that this case should be remanded to

allow the ALJ to resolve the factual issues, and that plaintiff is not entitled to an

award of benefits at this time. Whether a claimant is disabled is an issue reserved

for the Commissioner and medical source opinions on this issue are not given any special significance.  20 C.F.R. §§ 404.1527(e)(1) and (3), 416.927 (e)(1) and (3). Thus, because Dr. Peters' opinion that plaintiff cannot work is not entitled to controlling weight, there remains a factual issue of what weight it should be afforded, and the ALJ should be permitted the opportunity to resolve this issue. Further, although the ALJ did not fully account for all of plaintiff's alleged limitations in his RFC, this does not mean that there is no unresolved issue regarding plaintiff's subjective complaints, and the ALJ should be afforded the opportunity to resolve those issues, because credibility statements are within the unique purview of the ALJ.  *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993) (citation omitted) (explaining that because the ALJ has the opportunity to observe the demeanor of a witness, his or her conclusions should be accorded deference).  The Commissioner further states that the Supreme Court recognized in *INS v. Ventura*, 537 U.S. 12 (2002) that "[g]enerally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands . . . ." *Id.* at 16-17.  Thus, because credibility determinations are plainly left to the ALJ, this case should be remanded so that the ALJ can properly determine plaintiff's credible limitations.

### D.    Plaintiff's Response to the Commissioner's Motion to Remand

Plaintiff responded and objected to the Commissioner's motion to remand

10

and argued that this Court should reverse the decision of the ALJ and award her benefits for the reasons stated in her Motion for Summary Judgment. Plaintiff states that the Commissioner acknowledges that the ALJ's decision is not supported by substantial evidence. The ALJ found plaintiff to be suffering from interstitial cystitis and irritable bowel syndrome, and plaintiff contends the ALJ should have given controlling weight to the opinion of her treating physician, Dr. Peters, because it is supported by the record evidence. Dr. Peters notes in his report how frequently plaintiff must void, and the one-time examining physician agreed with Dr. Peters' diagnosis of interstitial cystitis and irritable bowel syndrome and his notes indicate that plaintiff reports that she is constantly in the bathroom every five to ten minutes and cannot go anywhere because of the constant pain and the need to urinate. (Dkt. 8-6, Pg ID 200). Plaintiff argues that the Commissioner fails to proffer any contradictory evidence and thus there is no evidence to discount the severity of plaintiff's symptoms. Further, the vocational expert testified, in response to plaintiff's attorney's hypothetical, that if a person needed to go to the bathroom every ten minutes and sometimes stay in there for an extended period of time, that she would be unable to perform her past work or any other work. (Dkt. 8-2, Pg ID 86).

Plaintiff also argues that remand is not necessary for the ALJ to assess plaintiff's credibility because the ALJ here did not discredit plaintiff's credibility

in any way, other than to note plaintiff's participation in some daily activities, including preparing meals, caring for her son, cleaning the kitchen, going for rides, driving, shopping by computer, and reading.  (Dkt. 8-2, Pg ID 50).  However, plaintiff's testimony as to her daily activities supports a finding of disability because she stated that the meals she prepares are frozen, she reads infrequently because she cannot focus, she talks on the telephone infrequently, she cleans the kitchen for four hours once a month, her mother helps feed and bathe her son, and when she does venture out to shop she has someone scout ahead to look for bathrooms.  (Dkt. 8-6, Pg ID 200-03).  Thus, the plaintiff argues, this Court should reverse the decision of the Commissioner and remand this matter for an award of benefits.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is

12

not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with

13

observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence.").  "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'"  *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion."  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts."  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record

14

only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight.  *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council."  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

## B.     Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the

Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.).  Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled.  F. Bloch, Federal Disability Law and Practice § 1.1 (1984).  While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.

16

> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).  At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

## C.    Analysis and Conclusions

### 1.    Sentence Four Remands

The Court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89 (1991) (quoting 42 U.S.C. § 405(g)). If the Commissioner's decision is not supported by substantial evidence, the Court must decide whether to reverse and remand the matter for rehearing or to reverse and order benefits granted. Where the Commissioner has erroneously determined that an individual is not disabled at steps one through four of the sequential evaluation, remand is often appropriate so that the sequential evaluation may be continued. *DeGrande v. Sec'y of Health & Human Servs.*, 892 F.2d 1043 (6th Cir. 1990) (Table); *Roush v. Barnhart*, 326 F. Supp.2d 858, 866 (S.D. Ohio 2004). Remand is

18

also appropriate if the Commissioner applied an erroneous principle of law, failed to consider certain evidence, failed to consider the combined effect of impairments, or failed to make a credibility finding. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Benefits may be immediately awarded "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Id.* The Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming. *Id.*

The parties agree that the Commissioner's decision should be reversed and remanded due to errors the ALJ made in evaluating plaintiff's treating physician's opinion and in determining how plaintiff was limited by her symptoms. The issue that remains is whether this matter should be remanded for further consideration and proceedings, including a rehearing, or whether the decision of the Commissioner should be reversed and benefits awarded. Plaintiff argues that this matter should be remanded for an award of benefits because the ALJ's residual functional capacity assessment was not based upon substantial evidence and the ALJ erred by failing to afford her treating physician's opinion the appropriate weight. The Commissioner argues that this matter should be remanded for further consideration and rehearing because that the ALJ failed to fully account for

19

plaintiff's limitations does not mean that there are no unresolved issues regarding plaintiff's subjective complaints, and the ALJ should be afforded the opportunity to resolve those issues because credibility determinations are within the unique purview of the ALJ.

### 2.    Remand for Further Proceedings is Warranted

An order remanding this matter for further administrative proceedings is warranted because there is no dispute that the ALJ committed legal error and because plaintiff has not established that the evidence of disability is either overwhelming or strong while the contrary evidence is lacking.  *See Faucher*, 17 F.3d at 176.

### a.    The ALJ erred in evaluating the medical source opinions

The parties agree that the ALJ erred in his review and consideration of the medical source opinions.  While the ALJ recognized that "evidence establishes that Claimant suffers from interstitial cystitis and irritable bowel syndrome, inflammatory bowel disease, chronic impairments causing pain and urinary urgency and frequency," he went on to find "no objective clinical, laboratory, or x-ray support in the record for [plaintiff's] subjective allegations of bathroom visits at 5-10 minute intervals throughout the day and night and 'locked' bowels lasting 3-4 days at a time and occurring three times a month."  (Dkt. 8-2, Pg ID 50).  The ALJ then stated:

20

> Dr. Peters, a sympathetic, attending physician, has opined
> that Claimant's chronic bladder disease renders her
> unable to return to work at any job. Such opinion is,
> however, not well-supported by medically acceptable
> clinical or laboratory diagnostic techniques and, thus,
> cannot be given controlling weight in the evaluation of
> Claimant's residual functional capacity (Social Security
> Ruling 96-2p).

(Dkt. 8-2, Pg ID 50). Although the ALJ found that Dr. Peters' opinion is not

entitled to "controlling weight," it is not clear from the his opinion what weight, if

any, he did give to that opinion. A finding that a treating source's medical opinion

is not entitled to controlling weight does not mean that the opinion is rejected. It

may still be entitled to deference and adopted by the adjudicator. *See* SSR 96-2p

("Adjudicators must remember that a finding that a treating source opinion is not

well-supported by medically acceptable clinical and laboratory diagnostic

techniques or is inconsistent with the other substantial evidence in the case record

means only that the opinion is not entitled to 'controlling weight,' not that the

opinion should be rejected. Treating source medical opinions are still entitled to

deference and must be weighed using all of the factors provided in 20 C.F.R.

404.1527 and 416.927."). Thus, even when the Commissioner determines not to

give a treator's opinion controlling weight, the decision-maker must evaluate the

treator's opinion using the factors set out in 20 C.F.R. §§ 404.1527 and 416.927,

including the examining relationship, the treatment relationship, including the

length of the treatment relationship and the frequency of examination and the

nature and extent of the treatment relationship, supportability and consistency of the medical opinion, specialization, and other factors. *Wilson*, 378 F.3d at 544. 2004). Remand is required when the agency fails to follow the treating source regulations and does not "give good reasons" for rejecting that opinion. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

According to plaintiff, the opinion of her treating physician, Dr. Peters, that plaintiff is disabled should have been given controlling weight because it is well-supported by the record evidence, and the ALJ erred when he gave Dr. Peters' opinion no weight. As the Commissioner concedes, the ALJ here failed to give sufficient reasons for rejecting Dr. Peters' opinions and failed to adhere to the policy directives set forth above. Specifically, the ALJ failed to give appropriate consideration to the length and nature of the treating relationship of Dr. Peters, and ignored the significance of Dr. Peters' specialty as an urologist. *See Roush*, 326 F. Supp.2d at 868-69 (finding that ALJ erred in failing to give appropriate consideration to the length and nature of the treating relationship and the doctor's specialty as a urologist). Dr. Peters is the Chairman of the Urology Department at Beaumont Hospital and treated plaintiff for interstitial cystitis from 2001 to 2011. Dr. Peters opined that plaintiff's "urological status limits her ability to function and makes it difficult to be effective in activities of daily living and sustaining adequate employment" and that she "[a]t times . . . continues to experience increased

22

frequency, even every 10 minutes." (Dkt. 8-7, Pg ID 335). The ALJ erred when he gave little or no consideration to Dr. Peters' opinion and failed to include any limitation in his RFC to account for such urinary frequency. However, Dr. Peters' opinion that "due to Interstitial Cystitis and her symptoms [plaintiff] has been unable to perform any type of employment, even sedentary work" is not entitled to any special significant weight because whether an individual is "disabled" or "unable to work" "are administrative findings that may determine whether an individual is disabled" and "are reserved to the Commissioner." 20 C.F.R. § 404.1527(e)(1); *see also Sims v. Comm'r of Soc. Sec.*, 406 Fed. Appx. 977, 980 n.1 (6th Cir. 2011) ("Dr. Spencer's implied opinion that plaintiff was unable to work is tantamount to a disability opinion, a matter reserved to the Commissioner for determination. Such an opinion by a treating physician is not entitled to 'any special significance.'") (citation omitted).

Here, there has been no administrative determination regarding what weight should be placed on Dr. Peters' opinion. And, although the record does contain evidence supporting Dr. Peters' opinion, the record also contains contrary evidence from Dr. Shah that plaintiff can work, with limitations for prolonged standing and walking. When the opinions of physicians are inconsistent with each other, the final decision regarding the weight to be given to the differing opinions lies with the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Further, Dr. Peters'

opinion does not describe plaintiff's limitations or explain why they prevent her from performing physical activities.  Given Dr. Shah's opinion, and without a prior administrative review of Dr. Peters' opinion under the correct legal criteria, the undersigned cannot fully credit Dr. Peters' opinion by way of what would effectively be de novo review.  *Cf. Cissell Mfg. Co. v. U.S. Dep't of Labor*, 101 F.3d 1132, 1136 (11th Cir. 1996) ("It is well settled that when an agency makes an error of law in its administrative proceedings, a reviewing court should remand the case to the agency so that the agency may take further action consistent with the correct legal standards.").  Accordingly, the undersigned recommends that this matter be remanded for further consideration of the medical opinions under the correct legal criteria.

**b.     The ALJ's RFC and accompanying hypothetical question to the vocational expert is flawed**

Plaintiff also argues, and the Commissioner concedes, that the ALJ's RFC and accompanying hypothetical question to the vocational expert is flawed because it failed to fully consider how plaintiff was limited by her interstitial cystitis and irritable bowel syndrome. *See Labanderia v. Astrue*, 2010 WL 1963426, at *1 (S.D. Ohio May 17, 2010) ("When making a residual functional capacity determination, the decisionmaker must consider the impact of interstitial cystitis[.]") (citing SSR 02-2p). The ALJ here found that plaintiff has the RFC to perform light work "except that she must avoid concentrated exposure to workplace hazards such as heights and moving machinery, production line work, more than occasional interaction with supervisors and co-workers, more than occasional, superficial contact with the public, and more than unskilled work." (Dkt. 8-2, Pg ID 49). The ALJ failed to include, without explanation, the only limitation stated by the state agency examining physician, for no prolonged standing and walking, and failed to address plaintiff's interstitial cystitis and the conditions resulting therefrom, including her frequent need to urinate, despite a finding of pain and urinary urgency and frequency. *See Labanderia*, 2010 WL 1963426, at *2 ("Because the administrative law judge failed to evaluate [plaintiff's] interstitial cystitis as required by SSR 02-2p, this case should be remanded.").

25

Plaintiff also alleges as error that the ALJ failed to state he considered SSR 02-2p. While the failure to cite SSR 02-2p alone is not necessarily reversible error, this failure further highlights the ALJ's inadequate consideration of plaintiff's severe impairments in this case. *See Chavis v. Astrue*, 2012 WL 2711271, at *23 (S.D. Ohio July 9, 2012) (finding that the ALJ's decision does not demonstrate that he followed SSR 02-2p in making his decision because he failed to examine the intensity, persistence and limiting effects of plaintiff's interstitial cystitis and the decision is void of any discussion of the limitations imposed by plaintiff's impairment), *adopted by* 2012 WL 5306130 (S.D. Ohio Oct. 26, 2012). The ALJ here made no finding as to the limitations imposed by the frequency of urination issue, other than to discount plaintiff's and Dr. Peters' claims of frequency in their entirety, and he wholly failed to incorporate a need for restroom breaks, ready access to a bathroom, or any similar accommodation in his RFC or the hypothetical question he propounded to the vocational expert. Accordingly, the case should be remanded for further consideration of plaintiff's application for disability benefits consistent with SSR 02-2p.

Finally, contrary to plaintiff's argument, the vocational expert's response to plaintiff's counsel's hypothetical question does not constitute overwhelming evidence that plaintiff is disabled and thus dictate an award of benefits in this case. That hypothetical question assumed a person who "would need to go to the

26

bathroom every 10 minutes, sometimes in there for half hour at a time throughout the day." (Dkt. 8-2, Pg ID 86). The assumptions in that hypothetical question are not compelled by the record evidence. Ultimately, the ALJ is charged with the duty of evaluating the medical evidence on record and determining the claimant's RFC, and he is required to incorporate only those limitations into his RFC or hypothetical person to the vocational expert that he finds credible. *See* 20 C.F.R. § 404.1546(c); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d at 1235. The limitation in plaintiff's counsel's hypothetical of sometimes needing to stay in the bathroom for half hour at a time was based solely on plaintiff's testimony (Dkt. 8-2, Pg ID 76), and the ALJ is the ultimate arbiter of plaintiff's credibility. *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987) (credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ). The court cannot substitute its own credibility determination for the ALJ's. Rather, the court's "review of a decision of the Commissioner [], made through an administrative law judge, is extremely circumscribed[.]" *Kuhn v. Comm'r of Soc. Sec.*, 124 Fed. Appx. 943, 945 (6th Cir. 2005). Therefore, plaintiff's counsel's hypothetical question to the vocational expert is not compelled by the record evidence and cannot support a remand for award of benefits.

  The undersigned recommends that this matter be remanded for further

consideration. On remand, the ALJ should be directed to (1) re-evaluate the medical source opinions of record under the legal criteria applicable under the Commissioner's Regulations and Rulings and as mandated by case law; and (2) review plaintiff's disability claim under the required five-step sequential analysis, including considering plaintiff's application consistent with SSR 02-2p, to determine anew whether plaintiff was under a disability and thus eligible for disability insurance benefits and supplemental security income benefits.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED** in part, that defendant's motion for remand be **GRANTED**, that the findings of the Commissioner be **REVERSED**, and that this matter be **REMANDED** for further proceedings consistent with this opinion.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 10, 2013                    s/Michael Hluchaniuk
                                       Michael Hluchaniuk
                                       United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>June 10, 2013</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Howard J. Slusky, William L. Woodard, AUSA, and Russell Cohen, Commissioner of Social Security</u>.

<div style="margin-left: 45%;">
s/Tammy Hallwood<br>
Judicial Assistant<br>
(810) 341-7850<br>
tammy_hallwood@mied.uscourts.gov
</div>

30